UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA L. ORTIZ DE LOPEZ, | ) | No. CV 07-5909-RC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Maria L. Ortiz de Lopez filed a complaint on September 11, 2007, seeking review of the Commissioner's decision denying her application for disability benefits.  The Commissioner answered the complaint on February 11, 2008, and the parties filed a joint stipulation on April 30, 2008.


**BACKGROUND**

**I**

On October 26, 2005 (protective filing date), plaintiff applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, claiming an inability to work since

April 12, 2005, due to high blood pressure and arthritis in her hands and knees.  Certified Administrative Record ("A.R.") 76-80.  The plaintiff's application was initially denied on December 28, 2005, and was denied again on June 6, 2006, following reconsideration.  A.R. 32-42.  The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Joel B. Martinez ("the ALJ") on December 11, 2006.  A.R. 43, 254-85.  On January 26, 2007, the ALJ issued a decision finding plaintiff is not disabled.  A.R. 11-26.  The plaintiff appealed this decision to the Appeals Council, which denied review on April 27, 2007.  A.R. 7-10, 243-53.

**II**

The plaintiff, who was born in Mexico on May 17, 1945, is currently 63 years old.  A.R. 77, 83-85, 257-58.  She has a second-grade education, and previously worked as a machine operator.  A.R. 95-96, 99, 148-55, 258, 260-66.

The sparse medical record shows that between January 12, 2004, and October 31, 2006, plaintiff received treatment from Omar Perez, M.D., who diagnosed her with arthralgia and right knee pain, among other conditions.  A.R. 185-205, 231-37.  Right knee x-rays taken June 25, 2004, were normal, as was a right leg venous duplex study performed on July 1, 2004.  A.R. 197-98.

On April 12, 2005, Thomas Grogan, M.D., an orthopedic surgeon, examined plaintiff and diagnosed her with early right knee osteoarthritis, right shoulder impingement syndrome, osteoporosis, and other non-work-related conditions.  A.R. 212, 228-29.  Knee x-rays

1   demonstrated early osteoarthritis, especially in the right knee as
2   compared to the left knee.  A.R. 229.  Dr. Grogan opined plaintiff is
3   physically incapable of working as a machine operator and should be
4   precluded from that employment.  Id.  On December 8, 2005, Dr. Grogan
5   reexamined plaintiff, and diagnosed her with right knee
6   osteoarthritis, right shoulder impingement syndrome, osteoporosis, and
7   other diseases.  A.R. 227.  Dr. Grogan reiterated plaintiff was unable
8   to return to work as a machine operator.  Id.  Dr. Grogan opined
9   plaintiff could perform light work, but should be restricted from
10  working at heights or around moving machinery.  A.R. 210-11.  Dr.
11  Grogan also opined plaintiff needed to alternate sitting and standing,
12  and her breaks and lunch periods provided sufficient relief.  A.R.
13  211.

14

15      On June 15, 2006, Dr. Grogan reexamined plaintiff, reiterated she
16  was physically incapable of working as a machine operator, and opined:
17  plaintiff could sit for 4 hours in an 8-hour day and 3 hours at a
18  time, stand for 3 hours in an 8-hour day and 2 hours at a time, and
19  walk for 2 hours in an 8-hour day and 1 hour at time; can occasionally
20  lift and/or carry up to 5 pounds; could not use her hands for simple
21  grasping, pushing and pulling of arm controls, or fine manipulation;
22  could not use her feet for repetitive movements such as pushing and
23  pulling leg controls; could occasionally bend, squat, crawl, climb,
24  and reach; and was moderately restricted from working at unprotected
25  heights, being around moving machinery, and driving automotive
26  equipment, and mildly restricted from exposure to marked changes in
27  temperature and humidity.  A.R. 226, 230.  On November 8, 2006, Dr.
28  Grogan refined his opinion, concluding plaintiff: could sit for 5

1   hours in an 8-hour day and 3 hours at a time, stand for 4 hours in an
2   8-hour day, and 2 hours at a time, and walk for 3 hours in an 8-hour
3   day and 1 hour at time; could occasionally lift and/or carry up to 5
4   pounds; could not use her hands for pushing and pulling of arm
5   controls or fine manipulation, but could perform simple grasping;
6   could not use her feet for repetitive movements such as pushing and
7   pulling leg controls; could occasionally bend, climb, and reach, but
8   could not squat or crawl; and was totally restricted from exposure to
9   dusts, fumes and gases, moderately restricted from working at
10  unprotected heights, being around moving machinery, and driving
11  automotive equipment, and mildly restricted from exposure to marked
12  changes in temperature and humidity.  A.R. 242.

13

14      On December 13, 2005, nonexamining physician R.D. Fast, M.D.,
15  opined plaintiff: could occasionally lift and/or carry up to 50
16  pounds, kneel, crouch, or crawl; could frequently lift and/or carry up
17  to 25 pounds, climb, balance or stoop; was limited in her ability to
18  reach; and should avoid concentrated exposure to extreme cold and
19  fumes, odors, dusts, gases, and poor ventilation.  A.R. 214-21.  On
20  June 6, 2006, nonexamining physician Leonore Limos, M.D., reaffirmed
21  Dr. Fast's opinions.  A.R. 221.

22

23                          **DISCUSSION**
24                             **III**
25      The Court, pursuant to 42 U.S.C. § 405(g), has the authority to
26  review the Commissioner's decision denying plaintiff disability
27  benefits to determine if his findings are supported by substantial
28  evidence and whether the Commissioner used the proper legal standards

                                    4

in reaching his decision.  Stubbs-Danielson v. Astrue, 539 F.3d 1169,
1172 (9th Cir. 2008); Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d
1155, 1159 (9th Cir. 2008).

     The claimant is "disabled" for the purpose of receiving benefits
under the Act if she is unable to engage in any substantial gainful
activity due to an impairment which has lasted, or is expected to
last, for a continuous period of at least twelve months.  42 U.S.C. §
423(d)(1)(A); 20 C.F.R. § 404.1505(a).  "The claimant bears the burden
of establishing a prima facie case of disability."  Roberts v.
Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122
(1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

     The Commissioner has promulgated regulations establishing a five-
step sequential evaluation process for the ALJ to follow in a
disability case.  20 C.F.R. § 404.1520.  In the **First Step**, the ALJ
must determine whether the claimant is currently engaged in
substantial gainful activity.  20 C.F.R. § 404.1520(b).  If not, in
the **Second Step**, the ALJ must determine whether the claimant has a
severe impairment or combination of impairments significantly limiting
her from performing basic work activities.  20 C.F.R. § 404.1520(c).
If so, in the **Third Step**, the ALJ must determine whether the claimant
has an impairment or combination of impairments that meets or equals
the requirements of the Listing of Impairments ("Listing"), 20 C.F.R.
§ 404, Subpart P, App. 1.  20 C.F.R. § 404.1520(d).  If not, in the
**Fourth Step**, the ALJ must determine whether the claimant has
sufficient residual functional capacity despite the impairment or
various limitations to perform her past work.  20 C.F.R. §

404.1520(f).  If not, in **Step Five**, the burden shifts to the
Commissioner to show the claimant can perform other work that exists
in significant numbers in the national economy.  20 C.F.R. §
404.1520(g).

Applying the five-step sequential evaluation process, the ALJ
found plaintiff has not engaged in substantial gainful activity since
her alleged onset date, April 12, 2005.  (Step One).  The ALJ then
found plaintiff "has the following severe combination of impairments:
early osteoarthritis of the right knee, obesity, hypertension,
hyperlipidemia, a history of right shoulder impingement syndrome, and
a history of asthma" (Step Two); however, she does not have an
impairment or combination of impairments that meets or equals a
Listing.  (Step Three).  The ALJ next determined plaintiff can perform
her past relevant work as a molding machine tender; therefore, she is
not disabled.  (Step Four).

**IV**

A claimant's residual functional capacity ("RFC") is what she can
still do despite her physical, mental, nonexertional, and other
limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001);
Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).  Here,
the ALJ found plaintiff has the RFC to perform medium work[1] with no
more than occasional postural activities, no more than frequent

---

[1] Under Social Security regulations, "[m]edium work
involves lifting no more than 50 pounds at a time with frequent
lifting or carrying of objects weighing up to 25 pounds."  20
C.F.R. § 404.1567(c).

overhead reaching and manipulation, no exposure to extreme cold or
heat, and no concentrated exposure to dusts, fumes or odors.  A.R. 21.
However, plaintiff challenges the Commissioner's decision on many
grounds, including that the ALJ's opinion is not supported by
substantial evidence because, among other things, the ALJ's RFC
assessment is not supported by the requisite medical evidence.  The
plaintiff is correct.


     As an initial matter, the ALJ properly determined Dr. Grogan was
an examining physician, A.R. 23, rather than a treating physician, as
plaintiff contends.  Jt. Stip. at 10:11-19.  Dr. Grogan acknowledges
he did not provide treatment to plaintiff, but instead merely
evaluated her orthopedic conditions, A.R. 225, 241, and plaintiff
testified at the administrative hearing that Dr. Grogan did not
prescribe any medications to her and did not refer her for treatment.
A.R. 271-74.  Under these circumstances, Dr. Grogan is not a treating
physician.[2]  See 20 C.F.R. § 404.1502 ("We will not consider an
acceptable medical source to be your treating source if your
relationship with the source is not based on your medical need for
treatment or evaluation, but solely on your need to obtain a report in
support of your claim for disability.  In such a case, we will
consider the acceptable medical source to be a nontreating source.");
see also Boucher v. Apfel, 238 F.3d 419, 2000 WL 1769520, *9 (6th Cir.
2000) (Unpublished Disposition) ("[D]espite the fact that Dr. Reina
examined [plaintiff] on three occasions, Dr. Reina did not have an

_____

     [2]  In any event, the result reached is the same regardless
of whether the Court finds Dr. Grogan was a treating or examining
physician.

1    ongoing treatment relationship with him and was therefore not a

2    treating source.").

3

4        The ALJ "must provide 'clear and convincing' reasons for

5    rejecting the uncontradicted opinion of an examining physician[,]"

6    Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Widmark v.

7    Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006), and "[e]ven if

8    contradicted by another doctor, the opinion of an examining doctor can

9    be rejected only for specific and legitimate reasons that are

10   supported by substantial evidence in the record." Regennitter v.

11   Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir.

12   1999); Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.

13   2008).  Here, the ALJ provided specific and legitimate reasons

14   supported by substantial evidence in the record for rejecting Dr.

15   Grogan's opinions.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.

16   2005).  Bayliss, 427 F.3d at 1217; Connett v. Barnhart, 340 F.3d 871,

17   875 (9th Cir. 2003).

18

19       Most recently, Dr. Grogan opined that plaintiff:  could only

20   occasionally lift and/or carry up to 5 pounds, bend, climb, and reach;

21   could sit for 5 hours in an 8-hour day and 3 hours at a time; could

22   stand for 4 hours in an 8-hour day and 2 hours at a time; could walk

23   for 3 hours in an 8-hour day and 1 hour at time; could not use her

24   hands for pushing and pulling of arm controls or fine manipulation,

25   but could perform simple grasping; could not squat or crawl or use her

26   feet for repetitive movements such as pushing and pulling leg

27   controls; and was totally restricted from exposure to dusts, fumes and

28   gases, moderately restricted from working at unprotected heights,

1  being around moving machinery, and driving automotive equipment, and
2  mildly restricted from exposure to marked changes in temperature and
3  humidity.  A.R. 242.  The ALJ properly rejected these opinions because
4  Dr. Grogan did not provide any rationale for many of his conclusions.
5  A.R. 20, 23-24.  Specifically, the ALJ found that although Dr. Grogan
6  diagnosed plaintiff with osteoporosis or atherosclerotic
7  cardiovascular disease, there was absolutely no objective support for
8  these diagnoses in the record, id., and "[t]he ALJ need not accept the
9  opinion of any physician . . . if that opinion is brief, conclusory,
10 and inadequately supported by clinical findings."  Thomas v. Barnhart,
11 278 F.3d 947, 957 (9th Cir. 2002); Bayliss, 427 F.3d at 1216.

13      Similarly, the ALJ also rejected Dr. Grogan's opinions because he
14 "failed to mention any diagnostic or reliable clinical findings that
15 would substantiate the limitations he gave."  A.R. 24.  An ALJ may
16 properly reject an examining physician's conclusions that are
17 inconsistent with his medical records, Tommasetti v. Astrue, 533 F.3d
18 1035, 1041 (9th Cir. 2008); Bayliss, 427 F.3d at 1216, or with the
19 medical record as a whole.  Batson v. Comm'r of the Soc. Sec. Admin.,
20 359 F.3d 1190, 1195 (9th Cir. 2004); Morgan v. Comm'r of the Soc. Sec.
21 Admin., 169 F.3d 595, 602 (9th Cir. 1999).  Although Dr. Grogan opined
22 plaintiff was limited to lifting no more than 5 pounds occasionally,
23 with no pushing, pulling or fine manipulation, A.R. 242, upon
24 examination, plaintiff had a full range of motion, normal gait, motor
25 responses and sensation, and only mild effusion in both knees,
26 clicking on full range of motion in both knees, absent deep tendon
27 reflexes at the Achilles tendon bilaterally, knee x-rays indicative of
28 early arthritis, and decreased grip strength.  A.R. 228-29.  The ALJ

properly found plaintiff's "reported grip strength of 10 pounds or less was inconsistent with the normal upper extremity motor examination and full range of motion." A.R. 20. Moreover, the only other objective evidence in the record – right knee x-rays and a right leg venous duplex study performed by Dr. Perez – were normal. A.R. 197-98.

Since the ALJ properly rejected Dr. Grogan's opinions, the only other medical opinions in the record regarding plaintiff's physical limitations were those of nonexamining physicians Drs. Fast and Lemos, who opined plaintiff could perform a limited range of medium work. A.R. 214-21. By definition, nonexamining physicians do not perform "a personal medical evaluation," and "[w]ithout a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Mendoza v. Barnhart, 436 F. Supp. 2d 1110, 1116 (C.D. Cal. 2006); see also Nelson v. Heckler, 712 F.2d 346, 348 (8th Cir. 1983) (per curiam) ("'[T]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.'" (citation omitted)). Thus, the opinions of the nonexamining physicians, without more, do not constitute substantial evidence to support the ALJ's decision, Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions" of an examining physician.); cf. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("When [a nontreating] physician relies on the same

clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the [nontreating] physician are not 'substantial evidence.'"), and there is no substantial evidence to support the ALJ's Step Four determination that plaintiff retains the RFC to perform her past relevant work. Shontos v. Barnhart, 328 F.3d 418, 427 (8th Cir. 2003) (The opinions of . . . practitioners who have attempted to evaluate [plaintiff] without examination do not normally constitute substantial evidence on the record as a whole. 'Likewise, the testimony of a vocational expert who responds to a hypothetical based on such evidence is not substantial evidence upon which to base a denial of benefits.'" (citations omitted)).

When "the administrative record does not contain any opinion by a treating or examining physician regarding plaintiff's RFC," the ALJ has a duty to obtain "such an opinion. Thus, the ALJ also did not fully and fairly develop the record in this regard." Mendoza, 436 F. Supp. 2d at 1116. Here, the ALJ also failed to develop the record, and this is an additional reason to remand this matter, as discussed below.

**V**

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Generally when a court . . . reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation

1  or explanation.'" <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th Cir.

2  2004) (citations omitted); <u>Moisa v. Barnhart</u>, 367 F.3d 882, 886 (9th

3  Cir. 2004).  In this case, remand is appropriate so the ALJ can

4  properly assess plaintiff's RFC.[3]  <u>Mendoza</u>, 436 F. Supp. 2d at 1117;

5  <u>Powell v. Chater</u>, 959 F. Supp. 1238, 1246-47 (C.D. Cal. 1997).

6

7                                   **ORDER**

8      IT IS ORDERED that: (1) plaintiff's request for relief is

9  granted; and (2) the Commissioner's decision is reversed, and the

10 action is remanded to the Social Security Administration for further

11 proceedings consistent with this Opinion and Order, pursuant to

12 sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered

13 accordingly.

14

15 DATE:  <u>February 3, 2009</u>          <u>/S/ Rosalyn M. Chapman</u>
                                     ROSALYN M. CHAPMAN
16                                   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21
   _____

22    [3]  Having reached this conclusion, the Court need not
   address the other claims plaintiff makes, none of which warrant
23 greater relief than herein granted.  Nevertheless, the Court
   notes that upon remand, the ALJ should consider whether
24 plaintiff's inability to speak, read and understand English is a
   limitation in determining whether she can perform her past
25 relevant work or other work.  <u>See</u> <u>Pinto v. Massanari</u>, 249 F.3d
   840, 845 (9th Cir. 2001).
26

27 R&R-MDO\07-5909.mdo
   2/2/09
28

                                   12